**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GARY NELSON,

            Plaintiff,

            v.

CAPE MAY COUNTY CORRECTIONAL FACILITY,

            Defendant.

Civil Action No. 21-20121 (KMW) (AMD)

**OPINION**

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Also before the Court is Plaintiff's motion seeking appointed counsel. (ECF No. 2.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice, and his motion seeking appointed counsel shall be denied without prejudice.

**I.     BACKGROUND**

At the time he filed his complaint,[1] Plaintiff was a state pre-trial detainee confined in the Cape May County Correctional Facility, a county jail. (ECF No. 1 at 1-2.) While confined at the jail, Plaintiff alleges he was forced to undergo an improper and needless strip search in front of his "entire [housing] unit." (*Id.* at 6.) Plaintiff also alleges that he was placed in quarantine and denied the ability to shower (*Id*. At 9.) Plaintiff names only a single Defendant in this matter – the Cape May County Correctional Facility itself.

**II.    LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

---

[1] Plaintiff has since been released. (*See* ECF No. 3.)

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In this matter, Plaintiff seeks to raise a claim pursuant to 42 U.S.C. § 1983 in which he seeks damages based on an allegedly improper strip search conducted while in a county jail. He seeks relief from only one Defendant – the jail itself. The jail, however, is not a proper defendant in a prisoner civil rights matter, and must be dismissed as such. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015) (county jails are not "persons" subject to suit under § 1983). As Plaintiff names no other Defendants besides the improperly named Cape May County Correctional Facility, his complaint must be dismissed without prejudice at this time. Likewise, because his complaint will be dismissed, his motion seeking appointed counsel must be denied in turn. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)

(counsel only warranted where a complaint presents claims of at least arguable merit); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

IV.     **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's motion seeking appointed counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

*Karen M. Williams*

Hon. Karen M. Williams,
United States District Judge